Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------X

DELFINO VICTORIANO, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

LEDO NYC LLC (D/B/A LEDO PIZZA), ALAP VORA, and JHAD ABDELQUADER,

*Defendants.*

-----------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**
**ECF Case**

Plaintiff Delfino Victoriano ("Plaintiff Victoriano" or "Mr. Victoriano"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Ledo NYC LLC (d/b/a Ledo Pizza), ("Defendant Corporation"), Alap Vora, and Jhad Abdelquader, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Victoriano is a former employee of Defendants Ledo NYC LLC (d/b/a Ledo Pizza), Alap Vora, and Jhad Abdelquader.

2. Defendants own, operate, or control an Italian restaurant, located at 243 W. 38th St., New York, NY 10018 under the name "Ledo Pizza".

3. Upon information and belief, individual Defendants Alap Vora and Jhad Abdelquader, serve or served as owners, managers, principals, or agents of Defendant Corporation

and, through this corporate entity, operate or operated the Italian restaurant as a joint or unified enterprise.

4. Plaintiff Victoriano was an employee of Defendants.

5. Plaintiff Victoriano was employed as a general assistant and ostensibly as a delivery worker.

6. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to dishwashing, cleaning the entire restaurant, accommodating items in the basement, carrying items from the basement up to the restaurant and refilling the refrigerator hereafter the ("non-tipped duties").

7. At all times relevant to this Complaint, Plaintiff Victoriano worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, spread of hours pay and overtime compensation for the hours that he worked.

8. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Victoriano appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9. Further, Defendants failed to pay Plaintiff Victoriano the required "spread of hours" pay for any day in which he worked over 10 hours per day.

10. Defendants employed and accounted for Plaintiff Victoriano as a delivery worker in their payroll, but in actuality, his duties required a significant amount of time spent performing the non-tipped duties alleged above.

11. Regardless, at all relevant times, Defendants paid Plaintiff Victoriano at a rate that was lower than the required tip-credit rate.

12. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Victoriano's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

13. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Victoriano's actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Victoriano at the minimum wage rate and enabled them to pay him at the lower tip-credit rate (which they still failed to do).

14. In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Victoriano's tips.

15. Defendants' conduct extended beyond Plaintiff Victoriano to all other similarly situated employees.

16. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Victoriano and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

17. Plaintiff Victoriano now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

18. Plaintiff Victoriano seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Victoriano's state law claims under 28 U.S.C. § 1367(a).

20. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian restaurant located in this district. Further, Plaintiff Victoriano was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

21. Plaintiff Delfino Victoriano ("Plaintiff Victoriano" or "Mr. Victoriano") is an adult individual residing in Bronx County, New York.

22. Plaintiff Victoriano was employed by Defendants at Ledo Pizza from approximately January 2024 until on or about July 30, 2026.

23. Plaintiff Victoriano consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

24. At all relevant times, Defendants own, operate, or control an Italian restaurant, located at 243 W. 38th St., New York, NY 10018 under the name "Ledo Pizza".

25. Upon information and belief, Ledo NYC LLC (d/b/a Ledo Pizza), is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 243 W. 38th St., New York, NY 10018.

26. Defendant Alap Vora is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alap Vora is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Alap Vora possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Victoriano, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27. Defendant Jhad Abdelquader is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jhad Abdelquader is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jhad Abdelquader possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Victoriano establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28. Defendants operate an Italian restaurant located in the Midtown West section of Manhattan in New York City.

29. Individual Defendants, Alap Vora and Jhad Abdelquader, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

30. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31. Each Defendant possessed substantial control over Plaintiff Victoriano's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Victoriano, and all similarly situated individuals, referred to herein.

32. Defendants jointly employed Plaintiff Victoriano (and all similarly situated employees) and are Plaintiff Victoriano's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33. In the alternative, Defendants constitute a single employer of Plaintiff Victoriano and/or similarly situated individuals.

34. Upon information and belief, Individual Defendants Alap Vora and Jhad Abdelquader operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

35. At all relevant times, Defendants were Plaintiff Victoriano's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Victoriano, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Victoriano's services.

36. In each year from 2024 to 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

37. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Italian restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

38. Plaintiff Victoriano is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

39. Plaintiff Victoriano seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Delfino Victoriano*

40. Plaintiff Victoriano was employed by Defendants from approximately January 2024, until on or about July 30, 2026.

41. Defendants ostensibly employed Plaintiff Victoriano as a delivery worker.

42. However, Plaintiff Victoriano was also required to spend a significant portion of his work day performing the non-tipped duties described above.

43. Although Plaintiff Victoriano ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

44. Plaintiff Victoriano regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

45. Plaintiff Victoriano's work duties required neither discretion nor independent judgment.

46. Throughout his employment with Defendants, Plaintiff Victoriano regularly worked in excess of 40 hours per week.

47. From approximately January 2024, until on or about January 2025, Plaintiff Victoriano worked from approximately 7:00 a.m. until on or about 7:00 p.m., three days a week and from approximately 7:00 a.m. until on or about 1:00 a.m. two days a week (typically 72 hours per week).

48. From approximately February 2025, until on or about July 30, 2026, Plaintiff Victoriano worked from approximately 10:00 a.m. until on or about 4:00 p.m., five days a week (typically 30 hours per week).

49. From approximately January 2024 until on or about December 2025, Defendants paid Plaintiff Victoriano his wages in cash.

50. From approximately January 2025 until on or about July 30, 2026, Defendants paid Plaintiff Victoriano his wages by check.

51. From approximately January 2024 until on or about December 2025, Defendants paid Plaintiff Victoriano $15.00 for his first 40 hours of work and $22.50 for his overtime hours.

52. From approximately January 2026 until on or about July 30, 2026, Defendants paid Plaintiff Victoriano $17.00 per hour.

53. For approximately two weeks throughout his employment, from approximately December 29, 2025 until on or about January 6, 2026 and from approximately July 23, 2026 until on or about July 30, 2026, Defendants did not pay Plaintiff Victoriano any wages for his hours worked. Thus, at present, Defendants still owe Plaintiff Victoriano two weeks of pay; specifically, one check for $1300 and another one for $1000.

54. Defendants did not grant Plaintiff Victoriano any breaks or meal periods of any kind.

55. Plaintiff Victoriano was never notified by Defendants that his tips were being included as an offset for wages.

56. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Victoriano's wages.

57. Defendants withheld a portion of Plaintiff Victoriano's tips; specifically, Defendants withheld 75% of the credit card tips clients paid for Plaintiff Victoriano.

58. Plaintiff Victoriano was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

59. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Victoriano regarding overtime and wages under the FLSA and NYLL.

60. Defendants did not provide Plaintiff Victoriano an accurate statement of wages, as required by NYLL 195(3).

61. Defendants did not give any notice to Plaintiff Victoriano, in English and in Spanish (Plaintiff Victoriano's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

62. As a result of Defendants' failure to provide Plaintiff Victoriano with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

63. Defendants required Plaintiff Victoriano to purchase "tools of the trade" with his own funds—including two electric bicycles, a bicycle battery, and bicycle maintenance and repairs.

*Defendants' General Employment Practices*

64. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Victoriano (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

65. Plaintiff Victoriano was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

66. Defendants required Plaintiff Victoriano and all delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

67. Plaintiff Victoriano and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

68. Plaintiff Victoriano and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

69. However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Victoriano's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

70. New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

71. Plaintiff Victoriano's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general Italian restaurant work with duties, including the non-tipped duties described above.

72. In violation of federal and state law as codified above, Defendants classified Plaintiff Victoriano and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

73. Defendants failed to inform Plaintiff Victoriano who received tips that Defendants intended to take a deduction against Plaintiff Victoriano's earned wages for tip income, as required by the NYLL before any deduction may be taken.

74. Defendants failed to inform Plaintiff Victoriano who received tips, that his tips were being credited towards the payment of the minimum wage.

75. Defendants failed to maintain a record of tips earned by Plaintiff Victoriano who worked as a delivery worker for the tips he received.

76. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Victoriano who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This pattern, practice and/or policy included depriving a delivery worker of the credit card tips earned during the course of employment.

77. Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Victoriano, in violation of New York Labor Law § 196-d (2007).

78. Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit or pay them the full hourly minimum wage.

79. Prior to January 2026 Plaintiff Victoriano was paid his wages in cash.

80. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

81. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Victoriano (and similarly situated individuals) worked, and to avoid paying Plaintiff Victoriano properly for his full hours worked.

82. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

83. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Victoriano and other similarly situated former workers.

84. Defendants failed to provide Plaintiff Victoriano and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

85. Defendants failed to provide Plaintiff Victoriano and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

86. As a result of Defendants' failure to provide Plaintiff Victoriano and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Victoriano and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

87. Plaintiff Victoriano brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

88. At all relevant times, Plaintiff Victoriano and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

89. The claims of Plaintiff Victoriano stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

90. Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

91. At all times relevant to this action, Defendants were Plaintiff Victoriano's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Victoriano (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

92. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

93. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

94. Defendants failed to pay Plaintiff Victoriano (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

95. Defendants' failure to pay Plaintiff Victoriano (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

96. Plaintiff Victoriano (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

97. Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

98. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Victoriano (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

99. Defendants' failure to pay Plaintiff Victoriano (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

100. Plaintiff Victoriano (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

101. Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

102. At all times relevant to this action, Defendants were Plaintiff Victoriano's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Victoriano, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

103. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Victoriano less than the minimum wage.

104. Defendants' failure to pay Plaintiff Victoriano the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

105. Plaintiff Victoriano was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

106. Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

107. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Victoriano overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

108. Defendants' failure to pay Plaintiff Victoriano overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

109. Plaintiff Victoriano was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMISSIONER OF LABOR**

108. Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

109. Defendants failed to pay Plaintiff Victoriano (and the FLSA Class members one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Victoriano's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

110. Defendants' failure to pay Plaintiff Victoriano (and the FLSA Class members an additional hour's pay for each day Plaintiff Victoriano's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

111. Plaintiff Victoriano (and the FLSA Class members were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

112. Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

113. Defendants failed to provide Plaintiff Victoriano with a written notice, in English and in Spanish (Plaintiff Victoriano's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

114. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Victoriano, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

115. Defendants are liable to Plaintiff Victoriano in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

116. Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

117. With each payment of wages, Defendants failed to provide Plaintiff Victoriano with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

118. As a result of Defendants' failure to furnish accurate statements to Plaintiff Victoriano, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

119. Defendants are liable to Plaintiff Victoriano in the amount of $5,000.00, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

120. Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

121. Defendants required Plaintiff Victoriano to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

122. Plaintiff Victoriano was damaged in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**

**UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

123. Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

124. At all relevant times, Defendants were Plaintiff Victoriano's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

125. New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity,

for an employee.

126. Defendants unlawfully misappropriated a portion of Plaintiff Victoriano's tips that were received from customers.

127. Defendants knowingly and intentionally retained a portion of Plaintiff Victoriano's tips in violations of the NYLL and supporting Department of Labor Regulations.

128. Plaintiff Victoriano was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Victoriano respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Victoriano and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Victoriano and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Victoriano's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Victoriano and the FLSA Class members;

(f) Awarding Plaintiff Victoriano and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Victoriano and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Victoriano;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Victoriano;

(j) Declaring that defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Victoriano;

(k) Declaring that Defendants violated the tip withholding provisions of the New York Labor Law;

(l) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Victoriano's compensation, hours, wages and any deductions or credits taken against wages;

(m) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Victoriano;

(n) Awarding Plaintiff Victoriano damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages or

tips, as well as spread of hours pay under the NYLL, as applicable;

(o) Awarding Plaintiff Victoriano damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p) Awarding Plaintiff Victoriano liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, tips and overtime compensation, shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q) Awarding Plaintiff Victoriano and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r) Awarding Plaintiff Victoriano and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t) All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Victoriano demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
August 27, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: */s/ Michael Faillace*
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

michael@faillacelaw.com

July 31, 2026

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Delfino Victoriano

Legal Representative / Abogado: Michael Faillace & Associares, P.C.

Signature / Firma: ______________________

Date / Fecha: July 31, 2026